UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHELLE M. MAYS,                                                Civil No. 11cv2062 (JNE/SER)

                Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

MARY ELLEN GRAHAM,
MICHAEL ISAACSON,
Dr. COLLINS,
Mr. CAMPBELL,
Mr. GANNON,
Mr. LAMMI,
JOE/JANE DOE,
Warden NICOLE ENGLISH, and
PA TORRES,

                Defendants.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's amended application for leave to proceed *in forma pauperis*, ("IFP"), under 28 U.S.C. § 1915. [Doc. No. 5.] The matter was referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's amended IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a federal prison inmate, filed a complaint seeking relief for alleged violations of her federal constitutional rights in July 2011. [Doc. No. 1.] Plaintiff applied for leave to proceed IFP. [Doc. No. 2.] This Court reviewed Plaintiff's complaint, and her original IFP application; both of those submissions were defective. Plaintiff's original IFP application was defective because she did not provide enough information about her financial circumstances, and

1

because she failed to sign the application form.   Plaintiff's complaint was found to be defective, because she did not sign it, as required by Fed. R. Civ. P. 11.

On August 9, 2011, the Court entered an order that gave Plaintiff three weeks to correct the deficiencies found in her original submissions.  [Doc. No. 3.]  Plaintiff did not respond to that order in a timely manner, so the Court recommended dismissal for failure to prosecute. (Report and Recommendation dated September 22, 2011; [Docket No. 4].)  Soon thereafter, Plaintiff filed an amended IFP application, (but not a new complaint).   Because Plaintiff filed an amended IFP application, (albeit belatedly), and because of her *pro se* status and her recent prison transfer, the District Court Judge declined to dismiss this action, but instead remanded the case to this Court for further proceedings.   (Order dated October 17, 2011; [Docket No. 6].)

On remand, this Court determined Plaintiff's amended IFP application should not be granted, and this action should not proceed, unless Plaintiff first paid an initial partial filing fee of $32.52, pursuant to 28 U.S.C. § 1915(b)(1).  The Court also noted that (a) Plaintiff still had not filed an amended complaint bearing her original signature, and (b) Plaintiff had not submitted marshal service forms.  All of these matters were called to Plaintiff's attention in an order dated October 31, 2011.  [Doc. No. 7.]  That order clearly informed Plaintiff that she must (1) file a new, signed complaint, (2) pay her initial partial filing fee of $32.52, and (3) submit one properly completed marshal service form (USM-285) for each named Defendant. The order also expressly directed Plaintiff that all three of those requirements be satisfied by November 18, 2011, and that if she failed to do so, then the Court would recommend (once again) that this action be summarily dismissed for failure to prosecute.

Three days **after** the deadline for complying with the Court's last order, the Clerk's

Office received a letter from Plaintiff in which she informally requested an additional 30 days to satisfy the requirements of the order. [Doc. No. 8.] Although Plaintiff did not present her request for additional time in a formal motion, as required by Fed. R. Civ. P. 7(b)(1), the Court nevertheless acquiesced to her request. In fact, Plaintiff has been afforded more than **75 additional days** to comply with the Court's last order.

Now Plaintiff still has not met **any** of the three requirements prescribed more than three months past this Court's deadline. Furthermore, Plaintiff has not communicated with the Court at all for more than two months, and she has not provided any reason to believe that she still intends to prosecute this action. Given Plaintiff's gross delinquency in this matter, the Court can find no reason to afford her any further indulgences.

Therefore, in accordance with the Court's last prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See In re Smith*, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); *Amick v. Ashlock*, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); *Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

If Plaintiff still has some interest in pursuing any of the claims that she has attempted to bring in this case, she should be required to commence a new action. Needless to say, Plaintiff should not attempt to bring a new action until she is prepared to prosecute it in an active and timely manner.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended application to proceed *in forma pauperis*, [Doc. No. 5] be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 6, 2012

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 20, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.